LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.,
MEDITERRANEAN SHIPPING COMPANY (USA) INC, and
MEDITERRANEAN SHIPPING CO. SRL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WINDROSE LINE, A DIVISION OF ROHDE &
LIESENFELD GMBH & CO., HAMBURG,

**ECF CASE**

**07 Civ. 9447 (SAS)**

Plaintiff,

- V -

M/V "MSC REGINA", her engines, tackle,
boilers, etc. in rem;

**ANSWER TO**
**COMPLAINT**

- and against-

MEDITERRANEAN SHIPPING COMPANY. S.A.,
GENEVA, MEDITERRANEAN SHIPPING
COMPANY (USA) INC., MEDITERRANEAN
SHIPPING CO. SRL, MED ROMEO SA, In personas;

Defendants.
------------------------------------------------------------------x

Defendants MEDITERRANEAN SHIPPING COMPANY, S.A. wrongly plead as

MEDITERRANEAN SHIPPING COMPANY S.A. GENEVA ("MSC S.A."),

MEDITERRANEAN SHIPPING COMPANY (USA) INC. ("MSC (USA)"), and

MEDITERRANEAN SHIPPING CO. SRL ("MSC SRL"), (collectively referred to as "MSC

Defendants" or "Answering Defendants"), by their attorneys, Lyons & Flood, LLP, answering

plaintiff's Complaint, alleges upon information and belief as follows:

1.    Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph of the Complaint.

3.    Admit that MSC, S.A. and MSC SRL are foreign corporations and admit MSC, S.A. is engaged in the business as a common carrier of merchandise by water for hire and doing business in this jurisdiction and admit MSC (USA) is doing business in this jurisdiction, but except as so specifically admitted, deny the remaining allegations contained in paragraph 3 of the Complaint.

4.    Admit that the M/V MSC REGINA is a ship engaged in common carriage of merchandise by water for hire, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth paragraph of the Complaint.

5.    Answering the allegations as they pertain to MSC, admit that a shipment was carried aboard the MSC REGINA, Voyage 626R, pursuant to MSC S.A.'s bill of lading MSCUM475111, dated September 20, 2006, but except as so specifically admitted, deny the allegations contained in the fifth paragraph of the Complaint.

6.    Deny the allegation contained in the sixth paragraph of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh paragraph of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eighth paragraph of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

9.    The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10.    Plaintiff is not the real parties in interest and is not entitled to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

11.    The shipments which are the subject of this suit were carried pursuant to the terms and conditions of certain bills of lading and tariffs, by which the shippers, owners, consignees, and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and the Answering Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## FOURTH AFFIRMATIVE DEFENSE

12.    The nature and valuation of the goods were not declared by the shippers before the shipments and inserted in the bills of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and MSC, S.A.'s bill of lading.

## FIFTH AFFIRMATIVE DEFENSE

13.    Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any losses, injuries or damages alleged to have been suffered by the shipments were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach

of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or

causes for which this defendant is not liable or responsible by virtue of the provisions of

COGSA, or provisions of said bills of lading or tariff or other applicable provisions of contracts

of carriage or of law.

## SIXTH AFFIRMATIVE DEFENSE

14.    If any losses or damages were sustained by the shipments referred to in the

Complaint, which is denied, such losses or damages were caused by or contributed to by the

plaintiff or third-parties, and not by Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

15.    Plaintiff failed to properly and fully mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

16.    This Court lacks personal jurisdiction over MEDITERRANEAN SHIPPING CO.

SRL.

WHEREFORE, defendants MEDITERRANEAN SHIPPING COMPANY, S.A.,

MEDITERRANEAN SHIPPING COMPANY, S.A. MEDITERRANEAN SHIPPING CO.

(USA) INC, and MEDITERRANEAN SHIPPING CO. SRL, respectively requests judgment

dismissing the Complaint, and awarding it costs and disbursements of this action, including

reasonable attorneys' fees, and for such other and further relief that this Court may deem just and

proper.


Dated: New York, New York
          November 26, 2007

LYONS & FLOOD, LLP
Attorneys for Defendants
MEDITERRANEAN SHIPPING COMPANY S.A., *et al.*

By: _____
      Edward P. Flood (EPF-5797)
      Lyons & Flood, LLP
      65 W 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

TO: Craig S. English
    Kennedy Lillis Schmidt & English
    75 Maiden Lane, Suite 402
    New York, NY 10038

    David L. Mazaroli
    11 Park Place, Suite 1214
    New York, NY 10007

U:\FLOODDOC\2549106\Pleadings\MSC's Answer-Windrose.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., MEDITERRANEAN SHIPPING COMPANY (USA) INC., and MEDITERRANEAN SHIPPING CO SRL, with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On November 26, 2007, I served true copies of the Answer to Complaint upon:

David L. Mazaroli
11 Park Place, Suite 1214
New York, NY 10007

Craig S. English
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: November 26, 2007

Erika Tax

U:\FLOODDOC\2549106\Pleadings\MSC's Answer-Windrose.doc

- 6 -